IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terry Hughes,<br><br>Plaintiff,<br><br>vs.<br><br>Palmetto Oakbrook Operating LLC<br>d/b/a Oakbrook Health and<br>Rehabilitation Center,<br><br>Defendants. | Civil Action No.: 2:09cv2028-MBS-BM<br><br><br>**REPORT AND RECOMMENDATION** |

This action has been brought by the Plaintiff asserting claims under, <u>inter alia</u>, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. The docket reflects that the Defendant was served by certified mail on its registered agent for service of process (CT Corporation System) on August 31, 2009, service being accepted by Charles E. McDonald, Jr., Special Assistant Secretary for CT Corporation System. <u>See</u> Court Docket No. 5.

No responsive pleading was ever filed by the Defendant, and Plaintiff filed a motion for entry of default on December 8, 2009. The Clerk thereafter entered default against the Defendant. Rule 55(a), Fed.R.Civ.P. The Defendant has now filed a motion to set aside entry of default to allow Defendant to responsively plead, to which Plaintiff has filed an objection. Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to set aside the default entered in this
(continued...)



## Background

In support of its motion, the Defendant submitted an affidavit from Allison Stone, corporate counsel for the Defendant. Stone attests that she did not learn of this matter until receiving Plaintiff's motion for entry of default, at which time she conducted an investigation into the Defendant's failure to file an answer. Stone attests that Plaintiff's complaint was received on September 2, 2009 by an administrative assistant who was responsible for creating a hard copy and a computerized case file, and who was also responsible for notifying a responsible company official that a legal document had been received. Stone attests that the administrative assistant did not notify any company official that the complaint had been received, and that although the administrative assistant did create a hard file, she did not indicate that the file contained an active case. Stone further attests that the administrative assistant subsequently walked off her job and did not return to work, and that it was therefore not until the Defendant received notice of Plaintiff's motion for entry of default that the Defendant became aware that it had been served with Plaintiff's complaint.

In a supplemental affidavit filed January 29, 2010[2], Stone concedes that she was informed by counsel David Tyner that a lawsuit had been filed by the Plaintiff in August 2009. Stone attests that on September 1, 2009 she then asked the previously referenced administrative assistant whether the Defendant had received service of a lawsuit from CT Corporation, the Defendant's registered agent, and that the administrative assistant responded that the Defendant had

---

[1](...continued)
case. As this is a dispositive motion, a Report and Recommendation is being entered for review by the Court.

[2]Both Plaintiff and the Defendant filed supplemental affidavits following a conference call with the Court.



not received service of this lawsuit. As noted in her initial affidavit, Stone attests that the Complaint was delivered to the Defendant's offices the next day, but that the administrative assistant did not notify her or any company official that the Complaint had been received. That administrative assistant then quit her job the following month, "taking with her the knowledge that [the Defendant] had been served". Stone further attests that she sent an email to CT Corporation on November 24, 2009 asking whether CT had received service of a complaint in this case, but that CT responded, via email, that no complaint had been served. Therefore, while Stone was aware that a lawsuit had been filed, she attests that she was unaware that it had been served until she received a copy of Plaintiff's motion for entry of default on December 14, 2009, at which point she immediately contacted legal counsel (Tyner) and commenced an investigation into the facts related in her affidavit. <u>See generally</u>, <u>Stone Affidavits</u>.

In opposition to Defendant's motion, Plaintiff's counsel has submitted an affidavit wherein he attests that this matter was filed on July 31, 2009, and was served on the Defendant's registered agent, CT Corporation, on August 31, 2009, via certified mail. Counsel attests that he thereafter received a phone message from Tyner on September 1, 2009, regarding this matter, in which defense counsel indicated that he was aware the case had been filed. Plaintiff's counsel attests that he told Tyner that he was not sure if the complaint had been served, but that it had been sent. Plaintiff's counsel attests that he thereafter received a phone message from Tyner regarding this case on November 27, 2009, and that he returned this call and left a message for Defendant's counsel. However, while Plaintiff's counsel's affidavit indicates that he returned defense counsel's call and left a message for him, there is no indication in any of the material submitted (including Plaintiff's counsel's affidavit) that either Tyner or Stone were notified at that time that service had been



effected.  <u>See</u> <u>generally</u>, <u>Wigger Affidavit</u>.

Plaintiff has also submitted an affidavit from Janice Drobinski, who attests that she is a paralegal in the office of Plaintiff's counsel, and that on September 1, 2009, she received a phone call from defense counsel David Tyner requesting service information on the Defendant.  Drobinski attests that she confirmed to Tyner that the case had been filed on July 31, 2009, and that the summons and complaint had been forwarded to the registered agent for service, CT Corporation. Drobinski further attests that on January 22, 2010, she called CT Corporation and requested records pertaining to the service of process on the Defendant, and that CT Corporation confirmed that the documents were received in its office on August 31, 2009, and were sent that day to the Defendant via Federal Express.  Drobinski was further advised that, per its policy, CT Corporation considered the documents served if they were not returned.  Drobinski attests that she was also advised that it was CT Corporation's standard practice and policy that if it was unable to accept service or if the documents were returned, CT Corporation would immediately return the documents to the serving entity with a letter indicating service was not complete.  <u>See</u> <u>generally</u>, <u>Drobinski Affidavit</u>.

### Discussion

When an entry of default has been made pursuant to Rule 55, the Court may set aside the entry of default for good cause.  Rule 55(c) Fed.R.Civ.P.; <u>Federal Deposit Insurance Corporation v. Danzig</u>, 93-1294, 1993 WL 478842 at * 5 (4th Cir. Nov. 22, 1993).  This "good cause" standard is liberally construed "in order to provide relief from the onerous consequences of defaults . . . ." <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 954 (4th Cir. 1987); <u>see</u> <u>also</u> <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969)["Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"].  Considered under

4



this standard, and after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Defendant should be granted relief in this case.

Defendant's in house counsel attests in a sworn affidavit that, after being notified by Tyner in August 2009 that a case had been filed, she specifically asked the person in her office responsible for handling legal documents whether the Defendant had received service from CT Corporation, the Defendant's registered agent in South Carolina, and was told that the Defendant had not yet received service of the lawsuit. In house counsel further attests that this individual never thereafter informed her of the receipt of the service documents prior to her leaving the Defendant's employ the following month. Finally, defense counsel attests that she subsequently sent an email to CT Corporation on November 24, 2009, inquiring whether CT Corporation had received service of the complaint in this matter, and that CT Corporation responded that no complaint had been served. This statement is consistent with Plaintiff's counsel's statement in his affidavit that he received a phone message from Tyner on November 27, 2009, apparently inquiring about the status of this lawsuit.

Hence, while it is undisputed in the material before the Court that the Defendant was served with process in this case on or around the 1st of September 2009, and that the Defendant was even aware that the case had been filed, Stone's sworn statement as to what occurred thereafter is sufficient good cause for the Defendant's failure to timely file a responsive pleading to justify setting aside the default entered in this case. Lolatchy, 816 F.2d at 954 [Motion to set aside default should be liberally construed in order to provide relief from the consequences of a default]; United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)["[T]he clear policy of the Rules is to encourage disposition of claims on their merits"]; Palmetto Federal Savings Bank of S.C. v. Industrial Valley



<u>Title Ins. Co.</u>, 756 F.Supp. 925, 931-932 (D.S.C. 1991)[Under Rule 55(c), it is not absolutely necessary that the neglect or oversight offered as a reason for a delay in filing a responsive be excusable], <u>vacated on other grounds</u>, 1991 WL 832830 (D.S.C. May 15, 1991). Further, Plaintiff has demonstrated no prejudice if the relief is granted, and it is apparent that the Defendant acted with reasonable diligence in seeking to set aside the default once Stone (according her sworn affidavit) learned that the Defendant had in fact been served with process. Defendant has also tendered a meritorious defense in its motion and supporting documents. <u>Cf</u>. <u>Moradi</u>, 673 F.2d at 727 ["[W]e have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense"]. Therefore, Defendant's motion should be granted.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's Motion to Set Aside Entry of Default in this case be **granted**, and that the Defendant be provided twenty (20) days from the date of any order adopting this Report and Recommendation to file a responsive pleading in this case.

_____
Bristow Marchant
United States Magistrate Judge

February 5, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

